NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL CHARLES SWEETS, | No. 20-55997 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-01816-BLM |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Barbara L. Major, Magistrate Judge, Presiding

Submitted August 5, 2021**
Pasadena, California

Before: PAEZ, CALLAHAN, and HURWITZ, Circuit Judges.

Michael Sweets appeals the district court's order affirming the decision of an

administrative law judge (ALJ) denying disability insurance benefits under Title II

of the Social Security Act. We review the district court's decision de novo and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

"reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citation omitted), *superseded by regulation on other grounds*. "[W]hen the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Id.* at 1111. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Sweets argues that the ALJ: (1) misapplied the Medical-Vocational Guidelines (the grids); (2) did not provide "a reasonable explanation using evidence that Sweets can carry, lift, and move objects in a job that requires frequent[ly] lifting 25 pounds and 50 pounds occasionally"; and (3) "provided his own limitations" without "adequate explanation of the record, without specific support from a medical source, and with no testimony from a medical expert."

However, substantial evidence supported the ALJ's assessment of Sweets's residual functional capacity (RFC), application of the grids, and reliance on the testimony of a vocational expert (VE). The limitations of the RFC, which allows for medium work, are supported by substantial evidence, including the exertional and non-exertional limitations identified by accepted medical sources, here, Drs. Kanner, Post, Taylor-Holmes, and Sabourin. *See Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020); 20 C.F.R. § 404.1545(a). Given his capacity for medium

2

work, Sweets fails to establish that the grids would direct a finding of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 2, §§ 202.00-203.31. Because the grids did not direct a finding of disability and because Sweets exhibited a mix of exertional and non-exertional limitations, the ALJ correctly turned to the expertise of the VE. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1115–16 (9th Cir. 2006). The ALJ gave the VE all the limitations supported by substantial evidence and reasonably relied on the testimony of the VE to conclude that Sweets could adjust to other jobs existing in significant numbers in the national economy. *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014).

Sweets also argues that the ALJ failed to address his impaired vision and hearing loss. However, the ALJ considered the opinion of Dr. Kanner, who found that Sweets's "vision is well corrected with glasses." As for Sweets's hearing, the ALJ addressed Dr. Kanner's and Dr. Alello's findings, and concluded that "he should avoid exposure to loud noise."

Sweets contends that "[t]he ALJ's decision does not address Sweets'[s] pain." But the ALJ considered Dr. Berry's notes regarding Sweets's pain and concluded that Dr. Berry's opinion "is without significant objective support from objective medical records, is very inconsistent with other evaluations in the file done by orthopedist specialists, and is overly restrictive in light of the remainder of the file and even the claimant's own testimony." The ALJ also acknowledged Dr.

3

Kanner's "lower back pain" diagnosis, but noted the same doctor's finding that Sweets "would be able to lift and carry fifty pounds occasionally and twenty-five pounds occasionally with equivalent limitations on pushing and pulling. He could sit or stand and/or walk for six hours in an eight-hour workday."

Finally, Sweets asserts that the ALJ erred by "independently dismiss[ing] the effect of Sweets'[s] [m]edication." However, Sweets fails to offer any objective evidence of side effects. He points only to his own testimony. Therefore, the ALJ was not required to discuss the alleged side effects in the first place. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (finding no error where "the ALJ took into account those limitations for which there was record support that did not depend on Bayliss's subjective complaints.").

**AFFIRMED**.